## COLEMAN *vs.* THE STATE.

[INDICTMENT FOR LENDING PISTOL TO MINOR.]

1. *What constitutes offense.*—Where the prisoner, having in his drawer a pistol belonging to another, and being asked by a minor to lend it to him, replied, "It is not mine, but belongs to another man ; I have nothing to do with it ; you can take it if you choose ; it was left here by Mr. C., who will return in four or five days, and it should be here when he returns and calls for it;" and, on the permission thus granted, the minor afterwards took the pistol,— *held*, that this constituted a violation of the act of 1856, (Session Acts, 1855–56, p. 17,) making it a misdemeanor " to sell, give or lend " certain deadly weapons to a minor.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case charged, that the prisoner, James Coleman, " did sell, give or lend, to Matthew Locke, a male minor, a pistol."    On the trial, the prisoner

reserved the following bill of exceptions to the rulings of the presiding judge:

"On the trial of this case, but one witness was examined by the State, and none at all by the defendant. Said witness, who was the male minor named in the indictment, testified, that the defendant, who was his uncle, within a year before the finding of the indictment, kept a store in Fulton in said county; that he went into said store one morning, and, seeing a drawer of the counter open, looked in it, and there saw a pistol; that he then asked the defendant to lend it to him; and that the defendant made the following reply: 'It is not mine, but belongs to another man; I have nothing to do with it; you can take it if you choose; it was left here by Mr. Cargill, who will return in four or five days, and it should be here when he returns and calls for it.' The witness stated, also, that he did not then take the pistol, but, in the evening of the same day, some two or three hours afterwards, he went into the store when the defendant was out, took the pistol from the drawer, and kept it; there being no evidence that it was returned. This being all the evidence in the case, the court charged the jury, that if they believed the evidence, and further believed that the pistol was taken with the consent and permission of the defendant, the case was brought within the meaning and intent of the law; to which charge the defendant excepted."

Geo. W. Gayle, for the prisoner.

M. A. Baldwin, Attorney-General, *contra*.

RICE, C. J.—The indictment is founded on the act of February 2d, 1856, (Pamphlet Acts of 1855–6, p. 17,) which makes it a misdemeanor to "sell, or give, or lend, to any male minor," a pistol.

A man lends a pistol, within the meaning of the act, when, having in his drawer, and under his control, the pistol of an absent owner, on the application of a male minor to lend him the pistol, he permits him to take it from the drawer and carry it away, directing him that it

should be returned within a certain short period, at the expiration of which time the owner was expected to return and call for it.—See Webster's Dictionary, and the meaning of "*lend*" there given.

The charge of the court below is correct, and its judgment is affirmed.