# Webb v. The State.

*Indictment for Burglary.*

1. *Ownership of house burglariously entered; in whom laid.* — Where the prosecutor by consent of the owner of the freehold erects on it a building, for their mutual convenience, which is in their joint use at the time of the burglary, the ownership is properly laid in them jointly.

2. *Burglary; what indictment for, defective.* — An indictment under section 3695 of the Revised Code, for burglary in a house in which cotton was kept for use, is defective unless it alleges the value of the cotton. Strict correspondence between the allegations and proof on this point is not essential; if the thing on deposit is of any real pecuniary value, proof of such value will support the averment.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. JAMES Q. SMITH.
The facts are stated in the opinion.

No counsel appeared for appellant.

The ATTORNEY GENERAL appeared on behalf of the State.

[Webb v. State.]

BRICKELL, C. J. — In an indictment for the offence of burglary, as defined by the statutes, the ownership of the building must, as at common law, be alleged, and the allegation must correspond with the proof. All difficulty on this point would be obviated if the prosecuting officer, in drawing the indictment, when the ownership is uncertain or in doubt, would insert several counts, averring the ownership to be in the different persons in whom the evidence tends to show an interest. A speedy administration of the criminal law would be promoted, and fewer offenders would escape the penalties they have justly incurred.

The indictment charges the appellant with having broken and entered the cotton-house of Adam Golson and Green Gray. The evidence disclosed that the house was erected by Gray on the lands of Golson, for the joint use of himself and Golson, in which to store cotton, and at the time of the offence was in their joint use. On this evidence the appellant requested the court to charge that the allegation of ownership was not supported, which was refused. It is not easy to lay down in a single sentence a rule by which to determine in whom the ownership should be averred. The authorities collected in the best text-books on criminal procedure justify us in declaring that where there is a right to the use and occupation of the building in one who is actually occupying, distinct from the ownership of the freehold, or the reversionary right on the expiration of the term of the occupier, the ownership is properly laid in the occupier. 2 Bish. Cr. Pr. § 109; 1 Russ. Crimes, 806–820; 2 Whart. Cr. Law, 1577–1591. A house, or other structure, may be converted into a mere chattel, and its ownership severed from the ownership of the freehold. Such conversion and severance occurs, when it is erected under a parol agreement with the owner of the freehold that property in it shall remain to the person furnishing the materials and erecting it. *Foster* v. *Mabe*, 4 Ala. 402. This house having been erected by Gray, with Golson's consent, on the lands of the latter, for their joint use, and for their common convenience, its ownership was severed from that of the freehold, and it was held by them as tenants in common. The ownership was therefore properly alleged, and the evidence supported the allegation.

The statute dispenses with an assignment of errors in criminal cases, and commands the court to render such judgment on the record as the law demands. R. C. § 4314. No objection was made in the court below to the sufficiency of the indictment, nor has any been made here. It is, however, defective, under the decisions of this court, in *Crawford* v. *State* (44 Ala. 382); *Norris & Coleman* v. *State* (July term, 1874); and *Ike*

[Moore v. State.]

*Robinson* v. *State* (present term), in failing to aver the value of the cotton, kept in the house broken and entered. This defect compels a reversal of the judgment. It is proper to say, however, that although the value of the cotton must be averred, a strict correspondence between the allegation and proof is not necessary. The allegation is required only to show that the cotton was not worthless, and the breaking and entering was not really into an empty house. If the thing kept in the house is of any real pecuniary value, proof of this value will support the averment. 2 Bish. Cr. Pr. § 706.

The judgment is reversed and the cause remanded, that the indictment may in this respect be amended with the consent of the defendant, or if he fails to consent, a new indictment preferred. The defendant will remain in custody until discharged by due course of law.