# Danner *v.* The State.

54    127,
100    143
102    135.

*Indictment for Burglary.*

1. *Indictment following language of statute; when insufficient.*—Where a statute creating an offense, declares that it may be committed by certain specified particular acts or means, or by other generic acts or means which are not described, an indictment pursuing merely the language of the statute is defective. If a conviction is sought for an act done in a manner or by means other than those particularized, such act or means should be specified more definitely than by the general description in the statute.

2. *Character; presumption as to.*—In the absence of all proof of the prisoner's

general reputation, the law indulges no presumption that his character is either good or bad, and the jury, without regard to that, must base their verdict solely on the evidence introduced.

APPEAL from Circuit Court of Bullock.
Tried before Hon. J. E. COBB.

Appellant was convicted of burglary, upon an indictment which charged that he "broke into and entered a shop, store, warehouse or other building, the property of J. Z. Andrews, in which goods, merchandize or other valuable thing, was kept for use, sale or deposit, with intent to steal, against the peace," &c.

The indictment was found in the circuit court of Barbour, and a change of *venue* was granted to Bullock circuit court, on account of local prejudice. On the trial in the latter court, a number of witnesses were examined. The appellant offered no proof as to character. In the concluding argument for the State, the prosecuting attorney called the attention of the jury to the fact that appellant had failed to prove a good character, and urged that this was a circumstance against him.

After the court had charged the jury, the appellant requested the following charge: "The law presumes every man to be innocent, until the presumption is broken down by satisfactory evidence. The law also presumes every one to have good character, and the failure of defendant to put his character in evidence, creates no presumption whatever against him." The court gave this charge, and remarked that it would further say to the jury, as an additional charge, "that it was the right of the defendant to have proven his own good character, and the State could not attack the character of defendant unless he put it in issue." To this charge the defendant excepted.

The jury having rendered a verdict of guilty, appellant moved in arrest of judgment on the following grounds:

1st. The indictment charges no offense.

2d. The indictment charges the defendant with entering one or more places, in the alternative, in which one or more things were kept, without stating what was on deposit, or that such thing was of value."

The motion was overruled, and the prisoner sentenced.

D. M. SEALS and JOHN A. FOSTER, for appellant.—The indictment is fatally defective, and the court erred in not sustaining the motion in arrest of judgment.—*Ramsey v. The State*, 43 Ala. 404; 1 Brick. Dig. § 962; *Anthony v. The State*, 29 Ala.

[Danner v. The State.]

27 ; *Johnson v. The State,* 32 Ala. 583. The effect of the additional charge given by the court, under the circumstances, was error prejudicial to defendant. It made the charge, in substance, as follows: The law forbids you to draw any presumption against the prisoner, for not putting his character in issue—nevertheless you must understand the State could not attack his character unless he put it in issue! What was this but an intimation that the defendant's not having put his character in issue, was a matter to be weighed by the jury?

JOHN W. A. SANFORD, Attorney General, *contra.*—The indictment pursuing the words of the statute, was sufficient.— 25 Ala. 64 ; 22 Ala. 64. The object of the statute was to protect the security of the buildings mentioned in it, and the value of the things in them is immaterial. The words in which "any goods, merchandize or other valuable thing is kept," are employed merely to describe the kind of building intended to be protected. -

MANNING, J.—The indictment in this cause, under section 3695 of the Revised Code, charges that defendant "broke into and entered a shop, store, warehouse, or other building, the property of J. Z. Andrews, in which goods, merchandize, or *other valuable thing* was kept for use, sale, or deposit, with intent to steal, against the peace and dignity," &c. The language used is that contained in the section.

A statute creating a crime often specifies certain particular acts and things as constituting it, and then declares further, in alternative words, that the offense may be committed otherwise by acts and things which are not specifically designated, but are described or classed generally, as having something in common with those, or some of those that are specified. Thus, the section under which this prosecution is conducted, denounces as guilty of burglary, " any person who either in the night or day time, with intent to steal, or to commit a felony, breaks into and enters . . . . . . . any shop, store, warehouse or other building, [the property of another person] in which any goods, merchandize, *or other valuable thing,* is kept for use, sale or deposit." In an indictment on such a statute, when the State's counsel intends to rely on proof of the commission of the offense in a manner or by means other than those particularized as sufficient to constitute it, he should specify those other means, and not rely merely on the general description ; which, in the instance before us, is contained in the words, "or other valuable

thing."—*Johnson v. State*, 32 Ala. 581. And the other thing particularized should in this case be alleged also to be a thing of value, or a valuable thing, to-wit: cotton, or whatever it be.—*Ike Robinson v. State*, 52 Ala. 587; *Jasper Webb v. State*, 52 Ala. 422.

It has been decided that the terms, "goods" and "merchandize," used in the statute, import value, but that "cotton in the seed" or "lint cotton," does not.—*Norris & Coleman v. State*, January term, 1874; *Webb v. State*, *(supra.)*

The cases in which it has been held, that an indictment charging an offense in the words of the statute creating it, is good, will be found to be cases in which the terms used are those specially designated by the statute as constituting it, or the general description, with an addition under *videlicet*, or otherwise, particularizing the things or means other than those mentioned in the statute that are relied on, and not the words merely of the general description.—*The State v. Click*, 2 Ala. 26; *Mason & Franklin v. State*, 42 id. 543; *Lodano v. State*, 25 id. 54.

A charge in the words of such general description without any specification, or with such general words alone, following in the alternative, after the words specifically used in the statute, is not good. Section 1361 (1176) of the Code, makes it a punishable offense to "obstruct a public road by a fence, bar, or other impediment." And in *Johnson v. State*, 32 Ala. 581, an indictment under this law averred that defendant did obstruct a public road, "by a fence, bar, *or other impediment*"—without specifying or particularizing what constituted such other impediment—and it was decided that the indictment was not good. If it had averred that the obstruction was by a *fence, or by a bar*, it would have then been sufficient; but the addition, although in the language of the statute, of the alternative words, "*or some other impediment*," created an uncertainty which made the whole indictment bad.—*Johnson v. State*, *supra*; *Raiford's case*, 7 Porter, 101.

Section 3695 evidently means that the "other valuable thing" contemplated, shall be something *ejusdem generis* with "goods" and "merchandize;" at least that it must be personalty. But *things* are not necessarily personal chattels. The word is one of very wide meaning. *Things* may be real or personal, corporeal or incorporeal, secular or spiritual. Indeed, it is perhaps *the nomen generalissimum* of the English language. *A valuable thing kept in a building for use*, might be a picture painted on the walls of a house, much more valuable than the house itself, kept therein and used as a means of making money by the exhibition of it, or in the instruction

of pupils in art; or it might be a black-board built in the walls of a school house, as a part thereof, and used as a means of education. In either of these cases the *thing* being a part of the realty, would not be of the same nature with "goods" or "merchandize." The rule, therefore, established by the case of *Johnson v. State, supra,* and other cases, is especially applicable to indictments under section 3695 of the Revised Code, and the disregard of this rule in framing the indictment in the cause before us, makes it defective and bad.

The charge asked by the defendant and given by the court, was not entirely correct. While it is true that the law presumes every one to be innocent until the contrary appears by evidence, it does not presume every one to have a good character. It presumes nothing in respect to a defendant's general reputation. In the absence of all proof on the subject, his character is not to be taken as either good or bad; and the jury are not authorized by assuming that it is one or the other, to let it have weight in inclining them toward either his acquittal or his conviction. In such a case, their verdict should be founded entirely on the evidence legally introduced, and not on any idea unsupported by direct testimony concerning his general character. And it is the office and duty of the judge who tries a cause, to see to it, by his control over counsel and his instructions to the jury, that justice is administered according to law, and not according to the prejudices and passions of the community. Of course, also, instructions of the judge to the jury which will mislead them to the prejudice of a prisoner on a point, in respect to which there is no evidence, are erroneous and will cause a reversal of the judgment.

The judgment of the court below is reversed and the cause remanded. The appellant must remain in custody until discharged by due course of law.

