[No. 10,747.—Department One.]
July 27, 1882.

## THE PEOPLE *v.* FRANK JOHNSON.

MURDER—INSTRUCTION—JUSTIFICATION—RECORD.—The Court refused to instruct the jury at the request of the defendant as follows: "If the accused was defending himself from an attack of the deceased that rendered it necessary for the protection of his own life that he should kill him, though he resolved to kill him before the fatal shot was fired, the killing was not murder."

*Held:* As the transcript does not contain the evidence, it is not apparent that the Court erred in refusing this instruction.

ID.—ID.—PRESUMPTION—CHARACTER.—The Court also refused to instruct the jury at the request of the defendant that where no evidence of the character of the deceased is introduced his character is presumed to be of ordinary fairness in the traits involved in the crime with which he is charged; and that it is a fact to be considered by them in arriving at their verdict, in connection with all the other facts in the case.

*Held:* that there was no error—two of the justices putting the ruling on the ground that the instruction is substantially covered by another instruction given; and another on the ground that the instruction was erroneous.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Nevada.   CALDWELL, J.

*H. A. Rearding* and *G. D. Blakey,* for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

MYRICK, J.:

First—The defendant asked the Court to instruct the jury: "If the accused was defending himself from an attack of the deceased that rendered it necessary for the protection of his own life that he should kill him, though he resolved to kill him before the fatal shot was fired, the killing was not murder." It is enough to say, even if the instruction should be given in a proper case, the transcript does not contain the evidence; therefore, it is not apparent that the Court erred in refusing the instruction.

Second—The defendant asked the Court to instruct the jury that "where no evidence of the character of the defendant is introduced, his character is presumed to be of ordinary fairness in the traits involved in the crime with which he is charged, and that it is a fact to be considered by them in arriving at their verdict in connection with all the other facts in the case."

The substantial point arrived at in this instruction is fully covered by other instructions given, viz., "that the defendant is presumed to be innocent until his guilt is established by proof, and can not be convicted unless the jury are convinced *by the evidence in the case,* beyond all reasonable doubt, that

he is guilty." He is *presumed* to be innocent, whatever be his character; he must be proved, *by the evidence,* to be guilty. His character was not in evidence; the consideration of his character would not add to the strength of the presumption of innocence.

The other points made by appellant are answered by what is said above regarding the first point.

Judgment and order affirmed.

McKEE, J., concurred in the judgment.

McKINSTRY, J., concurring:

There is no bill of exceptions or statement of the evidence in the transcript. If, therefore, any case can be supposed in which there would be no evidence tending to establish a killing in self-defense, the instruction first referred to by my brother Myrick, was properly rejected.

And the instruction as to character was properly rejected. The prosecution can not attack the character of a defendant until the defense has introduced evidence to establish his good character. When a defendant, charged with a criminal homicide, has been shown to be a quiet and peaceable man, his character is to be considered by the jury in connection with the evidence, and may weigh in the balance so as to create a reasonable doubt of his guilt. If, in the absence of evidence on the subject, the presumption of good character is to weigh as much in his favor as affirmative proof of it, the necessity of proving good character would never arise; and the prosecution would frequently be in a worse case than if evidence of good character had been given—since the prosecution would be debarred from introducing evidence to overcome the *presumption.*

When it is said that good character is to be presumed it is only said that, in the absence of evidence, the jury should not attribute to defendant a general bad character with respect to the qualities involved in the alleged offense, nor give weight to his assumed bad character in determining the question whether the evidence established his guilt.