## DURHAM v. STATE.

### (Nashville. December Term, 1913.)

1. CRIMINAL LAW. Evidence. Character of accused.

Where, in a prosecution for murder, accused testified as a witness
and introduced evidence as to his good character for truth and
veracity as a witness, this was not evidence of, nor did it put
in issue, his character for peace or quietness. (*Post, pp.* 637,
638.)

Case cited and approved: Powers v. State, 117 Tenn., 363.

2. CRIMINAL LAW. Character of accused. Instructions.

Where, in a prosecution for murder, accused did not introduce
evidence as to his good character for peace and quietness, the
court properly overruled his request to charge that there was
a presumption of his good character which stood as a witness
for him, and should be looked to by the jury as having effect
upon reasonable doubt of his guilt, since, though there was a
presumption of his good character in the sense that, in the
absence of proof, the jury was not warranted in assuming that
he was of bad character, it was not such a presumption as could
be made the basis of inference to strengthen his presumption
of innocence and thereby the resultant—reasonable doubt.
(*Post, p.* 638.)

Cases cited and distinguished: Mullen v. United States, 106 Fed.,
892; Coffin v. United States, 156 U. S., 432; People v. Johnson,
61 Cal., 142; Addison v. People, 193 Ill., 405.

Cases cited and approved: Phelan v. State, 114 Tenn., 483; Peo-
ple v. Bodine, 1 Denio (N. Y.), 281; Danner v. State, 54 Ala.,
127; People v. Bonier, 103 Am. St. Rep., 897.

---

FROM SUMNER.

---

Error to Circuit Court, Sumner County.—W. L.
Cook, Judge.

ED. T. SEAY, BASKERVILLE & COLLIER, and J. T. DUR-
HAM, for plaintiff in error.

Durham v. State.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Williams delivered the opinion of the Court.

Plaintiff in error, Durham, was tried and convicted of murder in the second degree. His defense was self-defense; and he has appealed and assigned numerous errors, one only of which will be treated and disposed of in this opinion.

The trial judge in his charge to the jury said:

"Every defendant is entitled to the benefit of his good character when it is shown in proof. If the good character of the defendant, considered in connection with the other proof, creates a reasonable doubt of his guilt, you should acquit."

The defendant submitted the following request to charge, which was refused, and therefor error is assigned:

"I further charge that the defendant is presumed to have a good character until the contrary is shown by competent evidence, and this good character stands as a witness for him and in his favor upon every issue in the case. The defendant is always entitled to the benefit of his good character, and the jury may look to this, with the other evidence, to see whether there is a reasonable doubt as to his guilt."

The defendant had offered no testimony to show his good character for peace and quietness; but he did testify in his own behalf, and offered evidence in sup-

port of himself as a witness to the effect that his character for truth and veracity was good.

It is insisted for the State that defendant thus put his character in evidence, and is not, on that account, entitled to the law's presumption of a good character, since a presumption is operative only in the absence of proof. In this there is a failure to distinguish between the good character of an accused (for peace and quietness) and the good character of an accused as a witness (for truth and veracity). *Powers* v. *State*, 117 Tenn., 363, 97 S. W., 815. The putting by a defendant of the latter to proof cannot have the effect of putting with it the former, against his intent and interest.

So that we are of opinion that there is nothing in this counter insistence of the State that embarrasses the defendant in his reliance upon the error assigned, the purport of which is that there is a presumption of a good character in favor of an accused which, as would a fact, stands as a witness for him, to be looked to by the jury as having effect upon reasonable doubt of his guilt, even where he does not offer to set up a good character for peace and quietness.

The contention does not lack support of authority that is entitled to great consideration. The circuit court of Appeals of the sixth circuit, in Mullen v. United States, 106 Fed., 892, 46 C. C. A., 22, in an opinion by Mr. Justice Day, then circuit judge, dealt with a like contention. There the trial judge refused a request to charge as follows:

Durham v. State.

"You are charged that the law presumes the good character of the accused, and such presumption is to be considered evidence in favor of the accused in considering the question of his guilt or innocence."

The court held that it was error to refuse this request, and said:

"The comment of the judge in his charge and the several refusals to charge in the exceptions noted raise the question whether in a criminal trial, in a court of the United States, where no testimony has been offered as to the previous good character of the accused, a presumption of such good character exists in favor of the accused, of which, upon a request to that effect, the jury should be instructed. The supreme court of the United States, dealing with the presumption of innocence in criminal trials, in the case of *Coffin v. United States,* 156 U. S., 432, 460, 15 Sup. Ct., 394, 405, 39 L. Ed., 481, 493 (opinion by Mr. Justice White) said:

" 'The fact that the presumption of innocence is recognized as a presumption of law, and is characterized by the civilians as a *presumptio juris,* demonstrates that it is evidence in favor of the accused; for in all systems of law legal presumptions are treated as evidence giving rise to resulting proof to the full extent of their legal efficacy.'

"This reasoning applies to the presumption, if such exists, of good character of the accused, and should be given in the charge to the jury, where a specific re-

quest on that subject is made at the trial. Does such presumption exist? We fail to find any difference of opinion in the well-recognized text-writers upon this subject. All assert that a presumption exists in favor of the accused in the absence of testimony that he had a good character previous to the time of the alleged commission of the offense in question. It is true that the government may not attack the character of the accused until he puts it in issue by affirmative testimony on his part. He is not obliged to do this, but may, if he sees fit, rest upon the presumption raised by the law. . . .

"It is true that there are cases which hold that, where there is no testimony upon the subject, the court is not obliged to say anything to the jury, either one way or the other. But, if the presumption exists in favor of the accused, it cannot be available to him unless he can have an instruction advising the jury of this proposition of law. The presumption, to the extent to which it exists, though less important, is as much his right in a criminal trial as the presumption in favor of his innocence. It is in consonance with the general principle of law that a man is presumed to stand ordinarily well, and to have at least the average qualities of morality and good conduct."

In a learned opinion, Mr. Justice White, in *Coffin* v. *United States,* supra, as noted, undertook to demonstrate that the presumption of innocence is tantamount to evidence in favor of the accused, but further said: "The evolution of the principle of the presumption of

innocence, and its resultant, the doctrine of reasonable doubt, . . . indicates the necessity of enforcing the one in order that the other may continue to exist. While Rome and the Mediaevalists taught that, wherever doubt existed in a criminal case, acquittal must follow, the expounders of the common law, in their devotion to human liberty and individual rights, traced this doctrine of the doubt to its true origin, the presumption of innocence, and rested it upon this enduring basis.''

The argument of appellant is that the presumption of a good character should, treated as a law-assumed fact, strengthen the presumption of innocence, and thereby strengthen that which is thus declared to be the resultant of the presumption of innocence—the reasonable doubt.

We deem the error in this contention and in the authority relied on in its support to be in assuming that the presumption of good character may be conceived of as not incorporated in and as a part of the presumption of innocence, and that it may be resorted to as an independent probative element to reinforce the presumption of innocence with like effect upon its resultant—the doubt. When the law affords to an accused the presumption of innocence, that, in its inclusive nature, tends to produce the resultant doubt. Neither that presumption nor its resultant is to be strengthened by the other or included presumption, but the production by defendant of *proof* of the

fact of good character, in lieu of the presumption, may operate to increase the weight of the presumption of innocence and, therefore, the doubt. *Phelan* v. *State*, 114 Tenn., 483, 507, 88 S. W., 1040, and cases in accord.

But, when so produced, the proof is perforce in lieu of the presumption. If each be truly probative in nature, would this be the case?

At least two learned authors, in their treatises on the law of evidence, deny that the presumption of innocence (and of course the presumption of good character) is of probative force or is to be weighed as evidence, and criticise the opinion delivered by Mr. Justice White as follows: "The presumption may in a sense be called an instrument of proof or something in the nature of evidence, in that it determines from whom evidence shall come; or it may be called a substitute for evidence, in the sense that it counts at the outset for evidence enough to make a *prima facie* case; but it is not evidence in the true sense. It is not probative matter, which may be a basis of inference and weighed and compared with other matter of a probative nature." 1 Elliott, Ev., sec. 93; Thayer's Prelim. Treatise Ev., 575; 3 Harvard Law Review, 148-166.

We think it clear, under either view, if, indeed, the views are divergent and may not, on a true analysis of the opinion of Mr. Justice White, be harmonized, that the presumption of a good character may not be a basis of inference for the purpose of adding weight to the presumption of innocence or its logical result-

ant. One presumption may not supplement to augment another, where one is but a part of the other.

Several courts have had the point urged on us for error under review, and their opinions demonstrate the unsoundness of the decision in *Mullen* v. *United States,* supra, and the unfairness of its rule in application.

McKinstry, J., in *People* v. *Johnson,* 61 Cal., 142, said: "If, in the absence of evidence on the subject, the presumption of good character is to weigh as much in his [accused's] favor as affirmative proof of it, the necessity of proving good character would never arise; and the prosecution would frequently be in a worse case than if evidence of good character had been given, since the prosecution would be debarred from introducing evidence to overcome the presumption. When it is said that good character is to be presumed, it is only said that, in the absence of evidence, the jury should not attribute to defendant a general bad character with respect to the qualities involved in the alleged offense, nor give weight to his assumed bad character in determining the question whether the evidence established his guilt."

In *Addison* v. *People,* 193 Ill., 405, 419, 62 N. E., 235, 239, in reference to a request to charge, submitted by defendant, "that the law not only presumes that the defendant is innocent until he is proven guilty beyond any reasonable doubt, but the law also presumes that the defendant has a good character . . . as a law-abiding, peaceable citizen until the contrary is shown

by the evidence, and it is not necessary for the defendant to prove his reputation in that respect, . . . and that, without any proof on the subject, the jury should take the good character of defendant into consideration in making up their verdict," the court, after reasoning as did the California court, further said: "Defendant did not choose to put his reputation in issue or prove that it was good, but sought by the instruction all the benefit of an affirmative finding of such fact without proof or an opportunity to combat the claim or prove the negative. If the instruction were the law, a defendant need never prove good reputation, but could take the benefit of the proof which . . . he could not make." See, also, *People* v. *Bodine,* 1 Denio (N. Y.), 281, 315; *Danner* v. *State,* 54 Ala., 127, 25 Am. Rep., 662.

We therefore rule that the accused was not entitled to have the request charged.

By this it is not to be understood that there is no presumption of good character in favor of a defendant in a criminal prosecution as above outlined, and also in the sense that, in the absence of proof on the subject, the jury is not warranted in assuming that he is of bad character in respect of the particular trait or quality involved in the alleged crime, which, as seen above, is peace and quietness, in a prosecution for homicide. *Powers* v. *State,* supra; *People* v. *Bonier,* 103 Am. St. Rep., 897, annotation.

Other assignments of errors are disposed of in the judgment entered. Affirmed.