THE PEOPLE v. LAWRENCE LUBY.

Criminal law—Plea of guilty—Private examination — Constitutional law—Practice in Supreme Court.

1. Objections that a respondent was unduly influenced to plead guilty, and that he was not sufficiently examined by the circuit judge to enable him to determine whether the plea was voluntary, are disposed of by the return of the judge to a writ of *certiorari* that he gave the respondent a private examination in a private room, and that he then said his plea was voluntary, and that he had not been threatened, coaxed, or induced by any one to plead guilty.[1]

[1] For cases bearing upon the proper construction of How. Stat. § 9558, which makes it the duty of the circuit judge, before pronouncing sentence upon a prisoner upon his plea of guilty, to become satisfied, after such investigation as he may deem necessary for that purpose respecting the nature of the case and the circumstances of such plea, that said plea is made freely, with full knowledge of the accusation, and without undue influence, see:

1. *People v. Lepper*, 51 Mich. 196, holding that the statute is a beneficent one, and designed alike for the protection of the prisoner and the public against the imposition and fraud of mercenary persons and unscrupulous officers in procuring prisoners to plead guilty through ignorance, fear, or illusive promises, when a fair trial might show them not guilty; that the courts cannot be too vigilant in carrying out the statute according to its true spirit; and that the Supreme Court will not hesitate whenever, in any case, any reasonable doubt exists as to a full compliance with its requirements, to set aside the sentence imposed.

2. An objection that an act of the Legislature was not constitutionally passed because not read in full, but by its title only, upon the first and the second reading, will not be considered when raised for the first time in the Supreme Court upon appeal; citing *Attorney General v. Rice*, 64 Mich. 385, 392.

Error and *certiorari* to Kalamazoo. (Buck, J.) Argued February 1, 1894. Decided February 12, 1894.

Respondent was convicted, on his plea of guilty, of keeping his saloon open on Sunday, and sentenced to pay

2. *Edwards v. People*, 39 Mich. 760, 763, holding:
  *a*—That the statute not only requires the judge to examine carefully into the facts of the case, which can require no less than a search into the depositions if they have been returned, or similar evidence if they have not been taken, but also compels him to examine the prisoner himself concerning the circumstances which induced him to plead guilty, and that for this purpose it would be highly improper to take anything on the statement of the prosecuting attorney, or to allow him to be present at such examination.
  *b*—That the record ought to show the fact of such examination, and, unless it does so, it must at least show a reasonable delay between plea and sentence, which may justify some presumption that the duty has been performed.
  3. *Henning v. People*, 40 Mich. 733, holding that where the record, while failing to show how the statutory duty was performed, does not raise the plain presumption of non-performance, it is proper to obtain a writ of *certiorari* in aid of the writ of error to secure a return from the circuit judge touching the facts which attended the proceeding before him.
  4. *People v. Brown*, 54 Mich. 15, 26, holding that the evidence as to whether a plea of guilty was or was not voluntary must be found in the return of the circuit judge to the writ of *certiorari* issued to ascertain that fact.
  5. *Henning v. People*, 40 Mich. 733, 735, holding that no error was committed in imposing sentence upon the respondent upon his plea of guilty of manslaughter, entered upon the withdrawal of a plea of not guilty of murder, upon the motion of the respondent's counsel and with the consent of the prosecuting attorney, it appearing from the return of the circuit judge that he had repeated interviews with the prisoner's counsel and friends (but none with respondent, except upon the occasion of imposing sentence), and made full inquiry into the matter, and that the change of plea was made with every circumstance of fairness and deliberation, and that he became fully satisfied in advance that a plea of guilty might be properly received, and that it was put in in accordance with all of the conditions which the statute was designed to require, and was voluntary and free from undue influence.
  6. *Clark v. People*, 44 Mich. 308, holding that a judgment will be reversed where the respondent was arraigned and sentenced, on his plea of guilty, on the same day the information was sworn to,

a fine of $100 and costs.    Judgment affirmed.    The facts
are stated in the opinion.

*Hawes & Luby*, for respondent.

*A. A. Ellis*, Attorney General, and *Alfred S. Frost*,
Prosecuting Attorney, for the people.

GRANT, J.   Respondent was arrested, upon a proper

and there is nothing in the record showing, or from which it can
be inferred, that any examination such as the statute contemplates
was had.
   7. *Bayliss v. People*, 46 Mich. 221, 223, holding:
   *a*—That where the return of the circuit judge shows that he
made investigation, and became satisfied that the plea of guilty
was made freely, with full knowledge of the nature of the accusa-
tion, and without undue influence, the mere fact that the investi-
gation was made in open court, and that the prosecuting attorney,
and at least one of the officers of the court, were in the court-
room at the time, is not fatal.
   *b*—That the statute does not in express terms require a private
examination to be made, and although there may be cases where,
owing to the tender years of the accused, or for other reasons
apparent to the circuit judge, a private examination should be had,
such privacy cannot be held to be absolutely necessary.
   8. *People v. Coveyou*, 48 Mich. 353, holding that where the
record shows that the respondent, having counsel at the time,
pleaded not guilty, and, after a delay of three weeks, by leave of
the court withdrew said plea, and pleaded guilty, and it affirma-
tively appears that the circuit judge made inquiry to satisfy him-
self that this action expressed the respondent's real desire, there
can be no assumption that he acted ignorantly or under compul-
sion.
   9. *People v. Lewis*, 51 Mich. 172, holding the statute sufficiently
complied with where, on the prisoner's pleading guilty, he was
asked if he understood that if the plea was entered he would not
be entitled to a trial, but be subject to sentence, and he answered
that he did, and desired to enter the plea, which was done, and
on the same day, in answer to the question whether he had any
reason to urge why judgment should not be passed, he said that
he had none, whereupon sentence was pronounced upon him; the
circuit judge further returning that all of the examination had
was in open court, and in the presence of the prosecuting attorney
and other officers of the court, and that he was satisfied at the
time, from the respondent's statements, that the plea was volun-
tary.
   10. *People v. Lepper*, 51 Mich. 196, holding that the facts stated
in the return of the circuit judge bring the case clearly within the
rulings in *Henning v. People.* 40 Mich. 733; *Clark v. People*, 44
Id. 308; *Bayliss v. People*, 46 Id. 221; *People v. Ferguson*, 48 Id. 41.
   11. *People v. Richmond*, 57 Mich. 399, 402, holding that on an
appeal from a judgment of a justice of the peace, rendered on a
plea of guilty, the accused may stand on that plea if he chooses
to do so, in which case it is the duty of the circuit judge, before
pronouncing sentence, to investigate the case and the circumstances

complaint and warrant, upon the charge of keeping his saloon open upon Sunday. He waived examination, and was bound over to the circuit court for trial. He pleaded guilty, and was sentenced to pay a 'fine of $100 and the costs, which were taxed at $5. He now raises three objections to the sentence:

1. That he was not sufficiently examined by the circuit judge to determine whether his plea was voluntary.

of such plea, and ascertain whether it was made freely, and with full knowledge of the nature of the accusation, and without undue influence

12. *People v. Ellsworth*, 68 Mich. 496, 502, holding that where it appears from the record that a respondent was assigned counsel of his own choice, with whom he consulted before pleading guilty, and that the circuit judge had a private examination of the accused before sentence, which was pronounced on the same day the plea was made, it must be presumed that he was satisfied in such interview that the plea was made freely, with full knowledge of the nature of the accusation, and without undue influence.

13. *People v, Brennan,* 79 Mich. 562, holding the statute sufficiently complied with where it appears from the return of the circuit judge that he stated to the respondent, on his tender of a plea of guilty, that before it could be accepted he must be fully satisfied that it was made freely and voluntarily, and without any undue influence, and with a full understanding of the nature of the accusation and of the effect of the plea, and that he inquired of him whether any person had advised such plea, or held out any inducement to him to interpose it, and whether it was made in the hope or expectation of receiving any favor or leniency on account thereof, to all of which inquiries a negative answer was given, and that the respondent, after a full explanation by the judge of the nature of the charge and the consequences which must follow the acceptance of the plea, indicated that he fully understood the nature of the accusation, and that the plea tendered was free and voluntary, whereupon the judge, being fully satisfied of such facts, directed that it be entered; it further appearing that the proceedings stated were had in open court, and that on the arraignment of the respondent for sentence he had an opportunity to communicate personally and privately with the judge, but gave no intimation of a desire to do so, and suggested no reason why sentence should not be pronounced against' him, and that he was not represented by counsel on either of the occasions referred to.

14. *People v. Morris*, 80 Mich. 634, 636, holding that where a respondent pleads guilty to an information charging him in one count with the larceny of a horse, under the general statute, and in a second count with a like · larceny under How. Stat. § 9180, which provides a distinct punishment for horse stealing, and the circuit judge makes the customary statutory investigation, it must be presumed, in support of a judgment in excess of that allowable under the first count, that the respondent understood the information, and that the judge correctly explained the charge against him before passing sentence, and that he therefore pleaded guilty to all that the information contained.

2. That he was unduly influenced to plead guilty.

3. That Act No. 313, Laws of 1887, was not constitutionally enacted.

The first two objections are disposed of by the return of the circuit judge to the writ of *certiorari* that he gave the respondent a private examination in a private room, and that respondent then said that his plea was voluntary, and that he had not been threatened, coaxed, or induced by any one to plead guilty.

The third point is .that the act in question was not read in full, but by its title only, upon the first and the second reading in the Legislature. This objection is disposed of against the respondent in *Attorney General v. Rice*, 64 Mich. 385, 392.

Judgment affirmed.

McGrath, C. J., Long and Hooker, JJ., concurred. Montgomery, J., did not sit.