MULLEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   February 12, 1901.)

No. 885.

1. CRIMINAL LAW—PRESUMPTION OF GOOD CHARACTER—RIGHT TO INSTRUCTION.
In a criminal trial in a federal court, where no testimony has been offered as to the previous character of the accused, a presumption of good character exists in his favor, of which, upon a request therefor, the jury should be instructed.

2. SAME—INSTRUCTIONS—COMMENT ON DEFENDANT'S CHARACTER.
It is prejudicial error for the court, in charging the jury in a criminal case, to comment unfavorably upon the general character of the accused, or to intimate his opinion that the accused is not of good character, where there was no evidence in the case upon the subject. It is only permissible for a judge in a federal court to express an opinion on the facts when it is based upon evidence in the case; and such comment is, moreover, inconsistent with the presumption of good character which the law raises in favor of the accused, and deprives him of the benefit of such presumption with the jury.

In Error to the District Court of the United States for the District of Kentucky.

The plaintiffs in error were indicted for alleged violations of the Revised Statutes of the United States (section 5508), in that, being respectively judge of the election, sheriff of election, clerk of election, and challenger, at an election held on November 7, 1900, at Louisville, Ky., for the election of persons to fill certain state and municipal offices, they had entered into a conspiracy to injure, oppress, threaten, and intimidate certain colored persons, on account of their race, color, and previous condition of servitude, in the free exercise and enjoyment of the right and privilege which such persons then and there had, and which was then and there secured to them by the constitution and laws of the United States, of voting for persons to fill said offices. In the progress of the trial no evidence was offered, either by the government or defendants, concerning the general character of the accused prior to the commission of the alleged offense. In the course of the charge the learned judge said: "Now, it is a fact that cannot escape your attention—could not probably escape your attention—that, if these defendants desired, or anybody behind them desired, to have colored men deprived of the right of voting, that it would be at such a precinct as this; and it is not improbable that just such men as these defendants would be chosen to carry that object into execution. Those are circumstances that you might weigh in this case in reaching a conclusion." At the conclusion of the charge, in the presence of the jury, counsel for the prisoners excepted to this comment, to which the court responded: "What I said on that subject may stand, because it is well qualified. The jury understand it was only the comment of the court, which they were not bound by." Further, counsel for plaintiffs in error, at the conclusion of the charge, said: "If your honor please, we offered your honor an instruction that the defendants were presumed to be persons of good character, and that that presumption prevailed during the progress of the case." To which the court responded: "I do not think that the jury should be told that the defendants are presumed to be persons of good character, but they are presumed, as the court had told the jury, whether of good character or bad character, to be innocent until their guilt has been established to the exclusion of a reasonable doubt by testimony." An exception was taken to the court's ruling in declining to instruct the jury as to the good character of the accused, and, before the jury retired, the defendants, and each of them, moved the court to instruct and charge the jury as follows: "You are charged that the law presumes the good character of the accused, and such presumption is to be considered as evidence in favor of the accused in considering the question of the guilt or innocence of them, or any of them." But the court refused to so instruct the jury, to which ruling of the court each of the said defendants then excepted.

Lawrence Maxwell, Jr., Swager Sherley, and Thos. R. Gordon, for plaintiffs in error.

R. D. Hill and W. C. P. Breckenridge, for the United States.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge, after stating the foregoing facts, delivered the opinion of the court.

The comment of the judge in his charge and the several refusals to charge in the exceptions noted raise the question whether in a criminal trial, in a court of the United States, where no testimony has been offered as to the previous good character of the accused, a presumption of such good character exists in favor of the accused, of which, upon a request to that effect, the jury should be instructed. The supreme court of the United States, dealing with the presump-

tion of innocence in criminal trials, in the case of Coffin v. U. S., 156 U. S. 432, 460, 15 Sup. Ct. 394, 405, 39 L. Ed. 481, 493 (opinion by Mr. Justice White), said:

"The fact that the presumption of innocence is recognized as a presumption of law, and is characterized by the civilians as a presumptio juris, demonstrates that it is evidence in favor of the accused; for in all systems of law legal presumptions are treated as evidence giving rise to resulting proof to the full extent of their legal efficacy."

This reasoning. applies to the presumption, if such exists, of good character of the accused, and should be given in the charge to the jury where a specific request on that subject is made at the trial. Does such presumption exist? We fail to find any difference of opinion in the well-recognized text writers upon this subject. All assert that a presumption exists in favor of the accused in the absence of testimony that he had a good character previous to the time of the alleged commission of the offense in question. It is true that the government may not attack the character of the accused until he puts it in issue by affirmative testimony on his part. He is not obliged to do this, but may. if he sees fit, rest upon the presumption raised by the law. Bishop states the doctrine thus:

"The doctrine is that the defendant is presumed to be innocent, and his character to be at least of ordinary goodness." 1 Bish. New Cr. Proc. (4th Ed.) § 1112, par. 2.

This philosophical writer couples the presumption of innocence with that of character. Underhill, in his late work on Criminal Evidence, states the law in the following terms:

"The character of the accused means his reputation; i. e. the general consensus of opinion regarding him, based on his deportment and conduct, which is held by his neighbors, friends, and acquaintances. The accused may always prove his good character. If, however, he offers no evidence on this point, the law presumes he has a fair and respectable, if not, indeed, an excellent, character; and does not permit any presumption of guilt to arise from his silence, or from his failure to offer evidence on this point. That his character is bad can never be presumed, nor should the prosecution be permitted to comment unfavorably upon this omission." Section 76.

We had occasion to examine this question under somewhat different circumstances than those which arise in this case in the case of McKnight v. U. S.. 38 C. C. A. 115, 97 Fed. 210, where the trial court permitted the prosecutor to comment upon the failure of the accused to produce evidence of his good character, and argued that the jury could thereby draw the conclusion that such failure of proof showed a want of such character. We held such comment, when approved by the court, to be reversible error. It is true that there are cases which hold that, where there is no testimony upon the subject, the court is not obliged to say anything to the jury, either one way or the other. But, if the presumption exists in favor of the accused, it cannot be available to him unless he can have an instruction advising the jury of this proposition of law. This presumption, to the extent to which it exists, though less important, is as much his right in a criminal trial as the presumption in favor of his innocence. It is in consonance with the general principle of law that a man is pre-

sumed to stand ordinarily well, and to have at least the average qualities of morality and good conduct. Taking the charge of the court, together with the comments as to good character, above set forth, the jury were practically instructed that no presumption existed in favor of the good character of the accused; for the learned judge said that he did not think the jury were to be told that the defendants were presumed to be persons of good character, but, whether of good character or bad character, they were presumed to be innocent. This language affords the inference that this presumption exists only in favor of innocence, and not of character. The court, without testimony on that subject, conveyed to the jury its impression that the character of the accused was such that it raised an inference of the likelihood of their participation in just such violations of law as were charged in the indictment. It is true that the learned judge said, in response to an exception upon this subject, that it might stand because well qualified, and that the jury would understand that they were not bound by it. Nevertheless, it was the comment of the court, without supporting testimony upon which to base it, and inconsistent with the presumption which the law raised in favor of the accused. Doubtless, the judge, in a criminal trial, in the United States courts, may express his opinion upon the evidence in the case; and, where no rule of law is incorrectly stated, and the jury left to draw their own conclusions, his expression of opinion will constitute no ground for reversal. See cases collected note 12, Vany v. Peirce, 26 C. C. A. 521 (s. c. 82 Fed. 162). While this is the general rule, the supreme court of the United States, in a number of cases, has had occasion to call attention to the limitations of this doctrine. Hickory v. U. S., 160 U. S. 408, 16 Sup. Ct. 327, 40 L. Ed. 474. The subject was fully discussed in the opinion of the chief justice in Starr v. U. S., 153 U. S. 616, 14 Sup. Ct. 919, 38 L. Ed. 841. In that case the chief justice quotes with approval the language of the supreme court of Pennsylvania in Burke v. Maxwell's Adm'rs, 81 Pa. St. 153, as follows:

"When there is sufficient evidence upon a given point to go to the jury, it is the duty of the judge to submit it calmly and impartially. And, if the expression of an opinion upon such evidence becomes a matter of duty under the circumstances of the particular case, great care should be exercised that such expression should be so given as not to mislead, and especially that it should not be one-sided. The evidence, if stated at all, should be stated accurately, as well that which makes in favor of a party as that which makes against him. Deductions and theories not warranted by the evidence should be studiously avoided. They can hardly fail to mislead the jury and work injustice."

The chief justice adds:

"It is obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling. Hicks v. U. S., 150 U. S. 442, 452, 14 Sup. Ct. 144, 37 L. Ed. 1137. The circumstances of this case apparently aroused the indignation of the learned judge in an uncommon degree, and that indignation was expressed in terms which were not consistent with due regard to the right and duty of the jury to exercise an independent judgment in the premises, or with the circumspection and caution which should characterize judicial utterances."

Had there been testimony in this case warranting the comment, it would not have been error for the judge to have assisted the jury by such views as he entertained, leaving them free to decide disputed matters of fact for themselves. But the case was devoid, as we have seen, of testimony as to the character of the accused. Doubtless, the oppressive conduct of the accused, if the witnesses for the government are to be believed, in preventing the exercise of the right of suffrage on the part of those clearly entitled to that privilege, which was reprehensible in the extreme, had something to do with the comments of the learned judge, and prompted the suggestion that such men as the accused would be persons from whom such conduct might be expected. There was no testimony in the case to warrant these comments, and, in their nature, they must be regarded as prejudicial to the accused in a high degree. We do not understand the practice in the federal courts, liberal as it is, to permit such comments outside of the testimony to go to the jury with the great weight which attaches to intimations of opinion from the judge. We think this comment, when coupled with the refusal to charge, as requested, upon the subject of character, practically destroyed the benefit of the presumption to which the accused were entitled. In this view of the case, we are constrained to reverse the judgment, and grant a new trial, without passing upon the other questions made in the case.