## PEOPLE *v.* KEMMIS.

1. SAVING QUESTIONS FOR REVIEW — OBJECTION BELOW — COMPETENCY OF WITNESS.

   Whether it was error, under section 10215, 3 Comp. Laws, to receive the testimony of a boy over 10 years of age, without his being sworn, will not be decided, where the objection was not made in the trial court.

2. SAME—ORDER OF PROOF.

   Error in admitting on rebuttal evidence that would have been competent in chief cannot be availed of where not objected to below.

3. CRIMINAL LAW—INSTRUCTIONS—CHARACTER OF RESPONDENT.

   The defendant in a criminal case is not entitled to an instruction, there being no testimony upon the subject, that he is presumed to be a man of good character.

4. INTOXICATING LIQUORS—STATUTES—CONSTITUTIONALITY.

   The law regulating the sale of intoxicating liquors in this State is constitutional.

Exceptions before judgment from St. Clair; Law, J. Submitted May 7, 1908. (Docket No. 125.) Decided May 27, 1908.

Walter Kemmis was convicted of violating the liquor law. Affirmed.

*Cady & Crandall* and *David Fitzgibbon*, for appellant.

*Alex. Moore*, Prosecuting Attorney, for the people.

CARPENTER, J. Respondent was convicted of the offense of selling intoxicating liquor without first having paid the annual tax required by section 5385, 2 Comp. Laws. He asks us to set aside his conviction for several reasons.

1. George Mitchell, a boy between 10 and 11 years of

age, was called as a witness by the people. It appeared from the preliminary examination undertaken by the court that he did not understand the nature of an oath. He was permitted to give his testimony without being sworn. No exception was taken. But at the conclusion of the case, respondent's counsel asked the court to strike out the testimony "for the reason that the preliminary examination given to him by the court does not show that he was aware of the nature of an oath." This motion was overruled and thereupon the further motion was made "to strike out his testimony for the reason that the witness was not sworn." It is now insisted that the testimony was improperly received because, as the witness was over 10 years of age, his unsworn testimony should not have been received. Section 10215, 3 Comp. Laws. We dispose of this contention by saying that it was not made in the trial court and cannot be made for the first time in this court.

2. Upon rebuttal the people were permitted to prove the condition of defendant's premises subsequent to the date of the alleged commission of the offense. The argument of respondent's counsel assumes that it would have been competent to introduce this testimony before the people had rested their case. See *People* v. *Hicks*, 79 Mich. 457. But it is argued that it was an abuse of discretion for the trial court to permit it to be introduced in rebuttal. Assuming, as we must, that the testimony was admissible, we cannot say that there was any error in admitting it on rebuttal, for the objection to its being so admitted was not raised on the trial by respondent's counsel.

3. It is contended that the court erred in refusing to charge the jury, as requested, that defendant was presumed to be a man of good character. There was no testimony upon this subject. Under such circumstances there was, of course, no presumption that defendant was a man of bad character. Is there a presumption that defendant was a man of good character? There is high authority for saying that there is. See *Mullen* v. *U. S.*,

46 C. C. A. 22. Of this decision Mr. Wigmore in his work on Evidence, § 290, note 2, says:

" This inconsistently gives him the untrammelled benefit of evidence which if he had introduced might have been disputed. What really happens, or ought to, is that the defendant's character is simply a non-existent quantity in the evidence. This distinction has sometimes been expressly pointed out; *Addison* v. *People,* 193 Ill. 405; *Knight* v. *State,* 70 Ind. 380."

We approve and adopt the rule stated by Mr. Wigmore, and therefore overrule the objection under consideration.

4. It is contended that the law regulating the sale of intoxicating liquors in this State is unconstitutional. The questions raised by this argument are not open ones in this State. See *Robison* v. *Miner,* 68 Mich. 549; *People* v. *Luby,* 99 Mich. 89.

The conviction is affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.