UNITED STATES v. WILSON.

(District Court, W. D. Tennessee, W. D.  May 31, 1915.)

No. 301.

1. POISONS ☞2—CONSTRUCTION—CRIMINAL STATUTE.
    The Harrison Anti-Narcotic Law Dec. 17, 1914, c. 1, 38 Stat. 785, providing that persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away any opium or coca leaves must register and pay a special tax, and making it unlawful to fail to do so, is a criminal statute, and must be strictly construed.
    [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 1; Dec. Dig. ☞2.]

2. POISONS ☞4—VIOLATION OF REGULATIONS—REGISTRATION AND PAYMENT OF TAX—KEEPING OPIUM FOR PERSONAL USE.
    Section 8, Harrison Anti-Narcotic Law Dec. 17, 1914, c. 1, 38 Stat. 789, providing that it shall be unlawful for any person not registered under the provisions of the act, and who has not paid the special tax provided thereby, to have in his possession or under his control any opium or coca leaves, refers only to those who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away as enumerated in section 1; hence the mere keeping of a small quantity of opium for personal use does not constitute an offense within the meaning of the act.
    [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ☞4.]

3. POISONS ☞9—PROSECUTION AND PUNISHMENT—BURDEN OF PROOF—EXCEPTIONS IN STATUTES.
    Harrison Anti-Narcotic Law Dec. 17, 1914, § 8, establishes the rule of evidence that, upon proof that a defendant was producing, importing, manufacturing, dealing in, dispensing, selling, distributing, or giving away, as mentioned in section 1, cl. 1, opium or coca leaves, and that a narcotic was found in his possession, he is presumptively guilty of violating the act, that then the burden of proof is upon defendant to show affirmatively that he is not one of the class mentioned in section 1 as being required to register, or, if so, that he had registered and paid the special tax.
    [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. ☞9.]

4. POISONS ☞9—PROSECUTION AND PUNISHMENT—EVIDENCE—POSSESSION OF OPIUM.
    In a prosecution under the Harrison Anti-Narcotic Act of December 17, 1914, the uncontradicted evidence that defendant obtained the opium found in her possession from a Chinaman, and that she had it for her personal use and consumption, and that she never sold, gave away, or dealt in it in any form was held to overcome the presumption of guilt arising from the possession of opium under section 8 of the act, providing that possession or control of opium shall be presumptive evidence of a violation of the act.
    [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 6; Dec. Dig. ☞9.]

Madge Wilson was convicted of violating the Harrison Anti-Narcotic Law, and she moves for a new trial. Motion granted.

Hubert F. Fisher, U. S. Dist. Atty., and W. D. Kyser, U. S. Asst. Dist. Atty., both of Memphis, Tenn.

Clarence Friedman, of Memphis, Tenn., for defendant.

McCALL, District Judge. The defendant was indicted under the act of Congress, approved December 17, 1914, known as the Harrison

Anti-Narcotic Law, and arraigned, pleaded not guilty, and was tried by a jury. There are three counts in the indictment. The district attorney recommended a verdict of not guilty under the first and third counts. The jury found the defendant guilty under the second count.

The case is now before me upon a motion for a new trial. Several grounds are assigned, but I shall consider only those based upon the proposition that the second count charges no offense, and that none was proven. The others are overruled.

The second count charges the defendant with having violated the eighth section of the act, which is as follows:

"Sec. 8. That it shall be unlawful for any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs: and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of the provisions of section one of this act."

[1] It was admitted, at the trial, that the defendant had at her house, in her possession and under her control, an opium pipe and an outfit necessary for smoking purposes, including a small quantity of opium prepared for the pipe, at the time charged in the indictment. The defendant testified in her own behalf that she had for several years been an addict to opium smoking, and that the opium prepared for smoking found in her possession was obtained by her from a Chinaman, and that she had it for her own personal use and consumption; that she never sold, gave away, nor dealt in it in any form, except to buy and smoke it. This evidence was uncontradicted, and presents the question, whether it is an offense under the act, for a person to have in his or her possession any of the drugs named in the act for personal use. If it is an offense, Congress has not in terms so declared, and it must be worked out by a construction of the language of the act. It is a criminal statute, and must be strictly construed. Such portions of the act as are pertinent to the inquiry must be considered. The first section is as follows:

That "every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away opium or coca leaves or any compound, manufacture, sale, derivative, or preparation thereof, shall register with the collector of internal revenue of the district his name or style, place of business, and place or places where such business is to be carried on. * * * At the time of such registry and on or before the first day of July, annually thereafter, every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away any of the aforesaid drugs, shall pay to the said collector a special tax at the rate of $1 per annum. * * * It shall be unlawful for any person required to register under the terms of this act to produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away any of the aforesaid drugs without having registered and paid the special tax provided for in this section."

The first clause of section 1 declares who shall register and pay the special tax. They are those who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away the drugs mentioned. The second clause of section 1 declares it to be unlawful for any person required to register by the first clause of section

1, to do any of those things named therein without having registered and paid the special tax provided in the section.

[2] The question now arises, to whom does the clause "any person not registered under the provisions of this act and who has not paid the special tax" in the eighth section refer? Clearly, it refers to, and at least includes, those doing the things specifically named in the first section. Does it refer to and include others doing things not specifically named in the act, viz., those having in their possession or under their control the drugs named for their personal consumption? It seems to me that to so hold would be for the court to enlarge the list of those whom Congress required to register and pay the special tax. To that extent it would be an amendment of the act. This is not the function of the court. If Congress had intended to require persons to register who had in their possession or under their control drugs for any purpose other than that stated in the act, it would seem that it would have been a simple matter to have said so. It is clear to my mind that the language quoted from the eighth section, supra, when read in connection with the first section of the act, refers only to those mentioned in the last-named section, and however desirable it may be to have that list enlarged, the court is without authority to do it.

[3, 4] It is, in my judgment, the purpose of section 8 to make the mere possession of the drugs mentioned in the act by any of those specified in the first section presumptive evidence that such parties had not registered, nor paid the special tax as required therein, and that it was not intended to enlarge the class that is required to register and pay the tax under the first section, nor is it, in my judgment, susceptible of such construction. The section establishes a rule of evidence, in that, upon the government proving that a defendant was doing any of those things mentioned in section 1, clause 1, of the act, and, further, that a narcotic was found in his possession, he would be presumptively guilty of violating the first section of the act; then the burden of proof shifts, and is upon the defendant to show affirmatively that he is not one of the class mentioned in section 1, required to register, or, if so, that he had registered and paid the special tax. Section 8, in this particular, is very similar to the statute of the state of Tennessee which makes the possession of a retail liquor dealer's federal tax stamp prima facie evidence that the party holding it is selling liquor in violation of the laws of Tennessee. Acts Tenn. 1903, c. 355. This presumption may be overcome by the evidence. In the case at bar, I think the presumption of guilt of the defendant was fully met and overcome by the proof.

The result is that the motion for a new trial will be allowed; and it is so ordered.