## LITTLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1921. Rehearing Denied February 6, 1922.)

No. 5397.

1. **Criminal law ⚖➝730(1), 823(1)—Statement of district attorney in argument and court in instructions held not prejudicial.**

In a prosecution for failure to register under Selective Draft Act, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2044e), defendant was not prejudiced because the district attorney in his argument, and the judge in his instructions to jury, stated that the penalty for the offense charged might be only a fine, where the judge corrected this misstatement by further instructions before submitting the case to the jury.

2. **Criminal law ⚖➝762(2)—Judge in federal court may express opinion on facts.**

In the United States courts the judge may comment on the evidence, call the jury's attention to parts of it that he thinks are important, and may express his opinion upon the facts, provided he finally leaves the decision of the questions of fact to the jury.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Barney Little was convicted of failing to present himself for registration under the Selective Draft Act, and brings error. Affirmed.

Charles J. Wright, of Springfield, Mo. (Henry D. Green and J. L. Bess, both of West Plains, Mo., and Fyke & Snider, of Kansas City, Mo., on the brief), for plaintiff in error.

Sam O. Hargus, Sp. Asst. U. S. Atty., of Kansas City, Mo. (James W. Sullinger, U. S. Atty., of King City, Mo., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error, hereafter called defendant, was convicted of a violation of section 5 of the Selective Draft Act (40 Stat. 80, vol. 1, Supp. U. S. Comp. Stats. § 2044e), on an indictment charging that he failed to present himself for registration on June 5, 1917, although he was within the age limits prescribed by that act. At the trial the chief issue contested was the age of the defendant. It is now urged that the judgment should be reversed because the evidence is as consistent with innocence as with guilt. There was no request for an instructed verdict, and no assignment of error challenges the sufficiency of the evidence, but it has been examined, and it appears that testimony was received showing that the defendant had repeatedly stated his age to various persons, and this was corroborated by much other testimony. The defendant relied upon the testimony of some relatives and former acquaintances, and testimony as to entries of birth dates in a family Bible. Without reviewing this testimony it is sufficient to say that it made a question for the jury. It is assigned that the indictment did not state an of-

⚖➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fense, but no argument is made in support of the contention, and an inspection of the indictment discloses no substantial defect in its form.

Complaint is made of statements made by the district attorney in his address to the jury as unfair and prejudicial to the defendant. The trial court's attention was not challenged to the statements of which complaint is now made, nor does any assignment of error present the subject, but the remarks made by the district attorney have been carefully considered, and the portions challenged do not appear to have been beyond the fair limits of comment.

[1] It is claimed that the defendant was prejudiced because the district attorney in his argument, and the judge in his instructions to the jury, stated that the penalty for the offense charged might be only a fine, but the judge corrected this misstatement of the statutory penalty by further instructions before submitting the case to the jury. No exceptions were taken and no assignment of error presents this complaint, and no prejudice to the defendant appears.

[2] A further complaint is made that the charge of the court unfairly commented on testimony given by some of the defendant's witnesses, and failed to comment on the weakness of portions of the plaintiff's testimony. Only a general exception to the charge was made, but it is now said that the jury was practically told to disregard the testimony of all of the defendant's witnesses. In the instructions the court reviewed some of the testimony given by each side, and mentioned the relationship of some witnesses to the defendant, but it does not appear that the jury was told to disregard any portions of the evidence. The jurymen were told repeatedly that they were to decide the questions of fact upon their own judgments, and that the comments of the court upon the facts were not binding upon them. This was not error, for in the United States courts the judge may comment on the evidence, call the jury's attention to parts of it that he thinks are important, and may express his opinion upon the facts, provided he finally leaves the decision of the questions of fact to the jury. Vicksburg & Meridian Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 30 L. Ed. 257; Lovejoy v. United States, 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; Simmons v. United States, 142 U. S. 148, 155, 12 Sup. Ct. 171, 35 L. Ed. 968; Allis v. United States, 155 U. S. 117, 123, 15 Sup. Ct. 36, 39 L. Ed. 91; Horning v. District of Columbia, 254 U. S. 135, 138, 41 Sup. Ct. 53, 65 L. Ed. ——; Stokes v. United States (C. C. A.) 264 Fed. 18, 25; Savage v. United States (C. C. A.) 270 Fed. 14, 21.

One assignment of error alleges that the court refused two instructions requested by the defendant but the record does not show that any such instructions were asked. No other questions require consideration, and the judgment will be affirmed.