# WEARE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 29, 1924.)

No. 6497.

1. **Poisons ⬌4—One making single sale or gift of narcotic drugs is required to register.**

Harrison Anti-Narcotic Act, § 1 (Comp. St. § 6287g), prohibits the sale or giving away of opium or its derivatives by any one not registered, and a person selling or giving away such drugs, though in only a single instance, is a person required to register.

2. **Criminal law ⬌755½, 762(2)—Judge in federal courts may comment on facts and express his opinion thereon.**

In the federal courts the judge may comment on the evidence and may express his opinion on the facts, provided he clearly leaves to the jury the decision of fact questions.

3. **Criminal law ⬌807(1)—Instructions should not be argumentative.**

In commenting on the evidence, the judge should be judicial and dispassionate, and not argumentative, and the giving of instructions, the tenor of which is apparently to influence the jury to return a verdict of guilty, which the court has no power to direct, constitutes reversible error.

4. **Indictment and information ⬌111(2)—Need not negative exceptions in body of statute.**

Ordinarily an exception created by a proviso or other distinct or substantive clause of a statute, whether in the same section or elsewhere in the act, is defensive and need not be negatived in an indictment.

5. **Indictment and information ⬌111(1)—Indictment for violation of Narcotic Act held not required to negative exceptions.**

In an indictment under Harrison Anti-Narcotic Act, § 1 (Comp. St. § 6287g), charging defendant with giving away certain narcotic drugs, not being registered, it is not necessary to negative the exceptions as to quantity contained in section 6 (Comp. St. § 6287l).

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Criminal prosecution by the United States against Ike Weare (true name Earle C. Weare). Judgment of conviction, and defendant brings error. Reversed and remanded, with directions.

Donald G. Hughes, of Minneapolis, Minn. (Neil Hughes, of Minneapolis, Minn., on the brief), for plaintiff in error.

Leland W. Scott, Asst. U. S. Atty., of St. Paul, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

KENYON, Circuit Judge. Plaintiff in error was tried in the United States District Court of Minnesota, Fourth Division, upon an indictment in three counts charging a

violation of the Act of December 17, 1914, commonly known as the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). He was found guilty on the first and second counts, and by instruction of the court not guilty on the third count. The first count of the indictment charged that plaintiff in error, at the city of Minneapolis, county of Hennepin, and state of Minnesota, on the 9th day of February, 1923, being a person required to register under the terms of the Act of Congress approved December 17, 1914, did knowingly and unlawfully give to one Sittiden certain derivatives and preparations of opium, to wit, morphine, without having registered with the collector of internal revenue, and without having paid the special tax as provided by the said act of Congress. Count 2 charged plaintiff in error with the same offense by giving to one Walsh derivatives of opium.

The first assignment of error is not argued; hence waived. Braden v. United States (C. C. A.) 270 Fed. 441. Three questions are urged by plaintiff in error under the assignments argued as grounds for reversal of the judgment. We consider them in the order presented.

[1] First. It is contended that Weare does not come within the class of those required under the Act of December 17, 1914, to register and pay the special tax, because the evidence fails to show that he dealt in, sold or gave away narcotics; in other words, that the evidence does not show him to have been in the business of selling or giving away narcotics.

The indictment is for an offense under section 1 of the Act of December 17, 1914 (Comp. St. § 6287g) which provides as follows: "Every person who * * * gives away opium or coca leaves or any compound, manufacture, salt, derivative or preparation thereof, shall register," etc. "It shall be unlawful for any person required to register under the terms of this act to * * * give away any of the aforesaid drugs without having registered and paid the special tax provided for in this section."

There was evidence in the case from which a jury would be warranted in finding that plaintiff in error on one occasion gave away the narcotics referred to. The case of Greenberg v. United States, 285 Fed. 865, was a case where it was contended, as here, that a single sale did not constitute the vendor a dealer. This court held that every person under the act was prohibited from selling and from making even a single sale without having registered and paid the spe-

cial tax. This authority, we think, settles the proposition. No person has the right to make a single sale unless he is registered and has paid the special tax as provided by the act. In Braden v. United States (C. C. A.) 270 Fed. 441, it was claimed that the evidence was insufficient to show that the defendant was a person required to register under section 1 of the act. The court, referring to this section, said, "The law does not say 'carry on the business of'" etc., and held that defendant was a person required to register under said section. Most of the cases cited by plaintiff in error on this question, such as Swartz v. United States (C. C. A.) 280 Fed. 115, and United States v. Wilson (D. C.) 225 Fed. 82, deal with section 8 of the Act of December 17, 1914, which relates to the possession of the drugs mentioned in the act, and are not in point here.

[2] Second. Another assignment of error raises question as to certain portions of the charge of the court, and also statements made by the court in the presence and hearing of the jury, the complaint being that the same were argumentative.

It is the well-established rule in the United States courts that the judge may comment on the evidence and may express his opinion on the facts, provided he clearly leaves to the jury the decision of fact questions. Little v. United States (C. C. A.) 276 Fed. 915; Savage v. United States (C. C. A.) 270 Fed. 14; Lovejoy v. United States, 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; Simmons v. United States, 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91; Johnson v. United States (C. C. A.) 270 Fed. 168; Oppenheim v. United States, 241 Fed. 625, 154 C. C. A. 383; Dillon v. United States (C. C. A.) 279 Fed. 639; Starr v. United States, 153 U. S. 614, 14 Sup. Ct. 919, 38 L. Ed. 841; Horning v. District of Columbia, 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. 185.

[3] The instructions, however, should not be argumentative. The court cannot direct a verdict of guilty in criminal cases, even if the facts are undisputed. Dillon v. United States (C. C. A.) 279 Fed. 639. It should not be permitted to do indirectly what it cannot do directly, and by its instructions to in effect argue the jury into a verdict of guilty. We refer to some of the decisions on this question.

In Rudd v. United States, 173 Fed. 912, 97 C. C. A. 462, this court, in an opinion by

Judge Hook, referring to judges commenting on the evidence, said: "His comments upon the facts should be judicial and dispassionate, and so carefully guarded that the jurors, who are the triers of them, may be left free to exercise their independent judgment."

In Sandals v. United States, 213 Fed. 569, 576, 130 C. C. A. 149, 156, the court reversed the case and said: "The jury is naturally sensitive to the court's expressions of opinion concerning the issues of fact in any case."

In Hickory v. United States, 160 U. S. 408, 16 Sup. Ct. 327, 40 L. Ed. 474, the court referred with approval to the doctrine of Starr v. United States, supra, and stated there were certain limitations on the power of a federal judge when instructing a jury and commenting on the facts, "limitations inherent in and implied from the very nature of the judicial office."

In Reynolds v. United States, 98 U. S. 145, 168 (25 L. Ed. 244), the court said: "Every appeal by the court to the passions or the prejudices of a jury should be promptly rebuked; * * * it is the imperative duty of a reviewing court to take care that wrong is not done in this way."

In Foster v. United States, 188 Fed. 305, 310, 110 C. C. A. 283, 288, the court said: "The greatest caution should be used in the exercise of this power."

In Mullen v. United States, 106 Fed. 892, 46 C. C. A. 22, the thought was emphasized that the court could only express its opinion on facts when based on evidence in the case. Other instances where the court reversed the case on account of the language of the trial judge being argumentative are Breese v. United States, 108 Fed. 804, 48 C. C. A. 36, and Cummins v. United States, 232 Fed. 844, 147 C. C. A. 38. See, also, Garst v. United States, 180 Fed. 339, 103 C. C. A. 469.

In Stokes v. United States (C. C. A.) 264 Fed. 18, 25, the question was raised that under the instructions of the court defendant did not have a fair trial. This court had before it the claimed unfair instructions, and in recognizing the right of trial judges in federal courts to comment upon the evidence, referred to the possibility of the trial court unconsciously so coloring its charge that the jury may be unfairly influenced in favor of one of the parties to the action, and said in holding the charge faulty: "Where the line must be drawn between comment upon the evidence of facts which is and that which is not permissible is determinable only by an examination of the language and a consideration of the circumstances of each particular case."

Examination of the language of the court in its instructions in this case leads inevitably to the conclusion that the exceptions and objections to certain parts thereof were well taken. In reading portions of the instructions, it would be difficult to tell whether one were reading the instructions of a court or the argument of a prosecutor. As a sample of their argumentative nature, we quote the following: "As I recollect it, when these men were put in jail, one of them put in jail that day and the other one the day before, they were searched. Would such things as that match box and that tobacco can escape the observation of the investigating officer? If he had any sense at all, wouldn't he have found those things? They wouldn't have to go into a man's shoes to determine whether he had a match box on his person. If he had it in his shoe, he would have crushed it. They couldn't get that match box in his shoe. That is my view. Would these things have escaped the searching officer when he searched them before they were put in jail that day? Now, they search them when they put them in jail."

Other remarks were made by the court equally objectionable, which it is not necessary to set out. The whole tenor of the instructions was apparently to influence the jury to return a verdict of guilty. It was a palpable attempt to usurp the function of the jury as to fact questions and to impose the will and desire of the court upon it, and to interfere with the independent judgment of the jurors. Under the Constitution one accused of crime is entitled to a determination by a jury of the fact questions involved. The jury can easily be misled by the court. Its members are sensitive to the opinion of the court, and it is not a fair jury trial when the court turns from legitimate instructions as to the law to argue the facts in favor of the prosecution. The government provides an officer to argue the case to the jury. That is not a part of the court's duty. He is not precluded, of course, from expressing his opinion of the facts, but he is precluded from giving a one-sided charge in the nature of an argument. We do not think the error in this case is cured by the mere statement to the jury that they were not bound by his opinion, and that they should follow their own judgment.

[4, 5] Third. Plaintiff in error raises in this court for the first time in the proceed-

ings the point that the indictment does not state facts sufficient to constitute an offense under the Act of December 17, 1914, for the reason that in the first count it does not allege that the derivatives and preparations of opium unlawfully sold or given away contain more than one-fourth of a grain of morphine, and as to the second count, that the indictment does not allege that the yen-shi sold and given away contains more than two grains of opium. This point is based on section 6 of said act, which provides that the provisions of the act of 1914 should not be construed to apply to sale, distribution, giving away, or dispensing of preparations which do not contain more than two grains of opium or more than one-fourth grain of morphine. It is urged that the indictment in stating the crime must negative this exception, and failing so to do does not state the necessary elements of the offense charged, and that the question can be raised in this court for the first time. The provision relied on is an exception to the general prohibition of the act.

It is the well-established rule that ordinarily an exception created by a proviso or other distinct or substantive clause, whether in the same section or elsewhere in the act, is defensive, and need not be negatived in an indictment. United States v. D. & R. G. R. Co., 163 Fed. 519, 90 C. C. A. 329; Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; United States v. Carney (D. C.) 228 Fed. 163. If the negation of an exception in the enacting clause of a statute is essential to accurately describe the offense, then the accusations of the indictment must show that the accused is not within the exception.

It has been held by this court in Manning v. United States (C. C. A.) 275 Fed. 29, that it is not necessary to negative certain exceptions of the Anti-Narcotic Act. This court in that case, in an indictment under section 2 thereof, held that the exceptions under said section were matters of defense, citing a number of cases. In Jelke v. United States, 255 Fed. 264, 166 C. C. A. 434, the failure of the indictment to negative the exception found in section 16 of the Oleomargarine Act (Comp. St. § 6228) was considered, and it was held not to subject the indictment to demurrer.

The rule is laid down in United States v. Cook, 17 Wall. (84 U. S.) 168, 173 (21 L. Ed. 538), as follows: "Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused." See, also, Bishop's New Criminal Procedure, § 513, subd. 5, and section 639, subd. 5.

Whether this question can be raised for the first time in this court in this case is unimportant and need not be considered in view of our holding that it was not necessary to negative the exception of the statute relied on. However, it may be stated that it is too late to urge an objection to a matter of form for the first time in an appellate court "unless it is apparent that it affected the substantial rights of the accused." Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Shilter v. United States, 257 Fed. 724, 169 C. C. A. 12; Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390. That situation does not exist here.

On account of errors in the instructions heretofore pointed out, affecting the substantial rights of defendant, the case is reversed and remanded, with direction to grant a new trial.

Reversed.