**UNITED STATES v. RANDELL et al.**

**No. 28220.**

District Court, E. D. New York.

March 30, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendants.

MOSCOWITZ, District Judge.

Defendants have demurred to the indictment.

The indictment contains two counts. The first count charges a violation of title 27, U. S. Code, §§ 12 and 40, 27 USCA §§ 12, 40 (title 2, §§ 3 and 26, Act of October 28, 1919, and the acts amendatory thereto and supplemental thereof), charging that the defendants transported intoxicating liquor on the 27th day of December, 1930, at Gardeners Bay, within the territorial waters and the territorial limits of the United States and of this court; that said transportation occurred aboard the British crude oil screw Eleanor Joan. The second count charges possession, alleging the same facts, to wit, that the possession of the said liquor was aboard the said vessel.

The grounds of the demurrer are that the indictment does not affirmatively allege that the boat and cargo do not come within the saving clauses of article 3 of the Treaty between the United States and Great Britain. The government, in its brief, admits for the purposes of this demurrer "that the convention between Great Britain and the United States, 43 Statutes at Large, page 1761, January 23rd, 1924, modifies the effect of the case of Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306 (April 3rd, 1923) in certain respects, and is self-executing."

The defendants contend that the indictment in each count fails to set forth an offense, for the reason that there are no facts alleged showing that the transportation and possession aboard a British vessel was illegal.

Article 3 of the Treaty between the United States and Great Britain is as follows: "No penalty or forfeiture under the laws of the United States shall be applicable or attach to alcoholic liquors or to vessels or persons by reason of the carriage of such liquors, when such liquors are listed as sea stores or cargo destined for a port foreign to the United States, its territories or possessions on board British vessels voyaging to or from ports of the United States, or its territories or possessions or passing through the territorial waters thereof, and such carriage shall be as now provided by law with respect to the transit of such liquors through the Panama canal, provided that such liquors shall be kept under seal continuously while the vessel on which they are carried remains within said territorial waters and that no part of such liquors shall

at any time or place be unladen within the United States, its territories or possessions."

There are certain instances where British vessels are protected in the transportation of liquors as provided by article 3 of the treaty. The liquors must be listed as sea stores or cargo destined for a port foreign to the United States, its territories or possessions. It ·must be a British vessel voyaging to or from ports of the United States. The port of the United States, or its territories, or the territorial waters through which the ship passes, must be a part of the planned route of the vessel. The liquors must be carried in a manner provided by law with respect to the transit of such liquors through the Panama Canal.

If the vessel does not comply with article 3 of the treaty, it is not entitled to the benefits of the treaty. The requirements are that the liquors shall be kept under seal continuously, and that the said liquor shall not be unladen.

Sections 3 and 26 of title 2 of the National Prohibition Act (27 USCA §§ 12 and 40) provide that the possession or transportation of intoxicating liquor within the United States or its territorial waters is a crime. The necessary elements of the crime are fully set forth in the indictment.

If the defendants are claiming any rights under the treaty, it is a matter of defense. It would have to be shown, not only that the vessel in question is a British vessel, but that it is a British vessel voyaging to or from a port of the United States, its territories, or possessions, or passing through its territorial waters, and that the liquors are listed as sea stores or cargo destined for a port foreign to the United States, and that the carriage of the liquor is as provided by law in respect to the transit of liquor through the Panama Canal.

If these facts are shown by the defendants, the government will be required to prove that the liquors were not kept under seal continuously or that some part of the liquor had been unladen within the United States.

An indictment need not negative the existence of an exception created by the same or any other statute. McKelvey v. United States, 260 U. S. 359, 43 S. Ct. 132, 67 L. Ed. 301; Schlemmer v. Buffalo, Rochester, & Pittsburg Railway Co., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; Weare v. United States (C. C. A.) 1 F.(2d) 617.

The use of the word "British" in the indictment does not require the government to prove that the vessel does not come within the provisions of the treaty.

Demurrer overruled.